**Juan C. Chavez**, OSB No. 136428
Oregon Justice Resource Center
P.O. Box 5248
Portland, OR 97208
Phone (503) 944-2270
Fax (971) 328-3982

Attorney for Plaintiff Savannah Kaahanui-Moniz

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| SAVANNAH KAAHANUI-MONIZ, | Case No. 3:22-cv-01490-CL |
| Plaintiff, | SECOND AMENDED COMPLAINT |
| v. | (Federal Tort Claims Act: Negligence; *Bivens* Action: 8th Amendment Violation) |
| UNITED STATES OF AMERICA, DEWAYNE HENDRIX, ISRAEL JACQUEZ, ANDREW BARNES GRASLEY, and JOHN DOES 1-10 | JURY TRIAL DEMANDED ON *BIVENS* CLAIM |
| Defendants. | |

### JURISDICTION

1.      This court has jurisdiction over the subject matter of this Complaint under 28 U.S.C. §§ 1331, 1343(a)(3), (4), and 1346.

### VENUE

2.      Venue is proper within the District of Oregon because events giving rise to this claim occurred in this judicial district, and all defendants reside in this judicial district. 28 U.S.C. § 1391(b). The acts and practices alleged herein occurred in Lompoc, Santa Barbara County, California and Sheridan, Yamhill County, Oregon.

SECOND AMENDED COMPLAINT
Page 1 of 6

## PARTIES

3.    Savannah Kaahanui-Moniz, Plaintiff, is a citizen of the State of Nevada.

4.    United States of America, Defendant, is a sovereign nation which has waived sovereign immunity in select circumstances pursuant to the Federal Tort Claims Act ("FTCA"). Defendant United States retains control over the Federal Bureau of Prisons ("BOP"), and is answerable to the tortious actions of its agents.

5.    DeWayne Hendrix, Defendant, was the Warden of FCI Sheridan during part of Plaintiff's stay at that facility. He retained command and control of operations at FCI Sheridan. He is sued in his individual capacity.

6.    Israel Jacquez, Defendant, is the acting Warden of FCI Sheridan. He retains command and control of operations at FCI Sheridan. He is sued in his individual capacity.

7.    Andrew Barnes Grasley, Defendant, is a medical doctor at FCI Sheridan. He is sued in his individual capacity.

8.    Plaintiff does not know the true names of all defendants to this action, and thus sues them under the fictious name of John Doe 1-10. The Doe defendants are any employees or agents of BOP who condoned of, acquiesced to, or otherwise personally participated in her constitutional deprivation. They are sued in their individual capacities.

## FACTUAL ALLEGATIONS

9.    In 2017, Plaintiff was incarcerated at USP Lompoc in Lompoc, Santa Barbara County, CA. She was employed by the facility as an orderly.

10.    On or about August 28, 2017, while cleaning the shower with a scrubber, the handle got jammed into her right breast implant. She felt instant pain.

SECOND AMENDED COMPLAINT
Page 2 of 6

11. She went to sick call medical and explained what had occurred. She explained how much pain she was in.

12. She was later seen by a psychiatric clinician. She was diagnosed with Gender Dysphoria and was told that gender affirming surgery would support her mental health.

13. On November 13, 2018, Plaintiff was seen by a general surgeon who referred her to get an MRI scan of both of her breasts. When taken to receive the MRI, she explained the persistent pain she had felt in her breast.

14. The pain had kept her up at night and caused her right arm to go numb. The pain would get so bad at times that she felt nauseous. This constant pain in her right breast persisted for three years, to 2021, without redress.

15. Finally, in 2021, Plaintiff was sent to see a plastic surgeon in Santa Barbara, CA, who stated that in her right implant had deflated with capsule contracture. The surgeon's plan was to perform a bilateral removal and replace the saline/silicone implants. This surgery was approved by BOP's Western Region Office.

16. Because of Plaintiff's release date, she was eligible for a Residential Drug Abuse Program ("RDAP"), making her eligible for early release provided that she is able to enter into the program. Unfortunately, USP Lompoc did not provide RDAP. She was transferred to FCI Sheridan in the State of Oregon. Her surgery was cancelled.

17. Plaintiff informed the medical staff at FCI Sheridan about her long-standing and unaddressed medical issues. The medical staff at FCI Sheridan health services, including Defendant Grasley, were aware of Plaintiff's medical issues, and her previously approved surgery.

SECOND AMENDED COMPLAINT
Page 3 of 6

18. Defendants' inaction persisted, and she filed suit on October 3, 2022. Plaintiff initially petitioned for habeas relief. Upon amendment, she converted the case to a *Bivens* action, and requested injunctive relief.

19. After continued inaction by Defendants United States, Hendrix, Jacquez, and Grasley, the Court ordered an emergency hearing to be held on April 25, 2023.

20. Plaintiff was finally provided her much needed surgery in or around May 2023.

21. The delay caused by Defendants forced Plaintiff to endure five years of pain and agony.

22. As of the date of this filing, Plaintiff has mailed a Tort Claim Notice to the claims administrators for the relevant agencies for this matter. 28 U.S.C. § 2401(b). Plaintiff received a response on or about July 20, 2023 denying her claim.

## CLAIM ONE
### (FTCA — Against Defendant United States of America — Negligence)

23. Plaintiff realleges the preceding paragraphs.

24. As alleged above, because Defendant United States' agents failed to treat Plaintiff in a timely or adequate manner despite repeatedly acknowledging the medical necessity of treating her injury, it was foreseeable that Plaintiff would unreasonably bear pain and suffering she endured.

25. Failing to treat Plaintiff in a timely or adequate manner is unreasonable given the grave risk on continuous pain and suffering.

26. This negligent conduct against Plaintiff was the direct and proximate cause of bodily injury, pain, loss of liberty, medical bills where indicated, mental and emotional suffering, worry, fear, and anguish. Plaintiff is entitled to all of her economic and non-economic damages in an amount to be ascertained according to proof at trial.

///

SECOND AMENDED COMPLAINT
Page 4 of 6

## CLAIM TWO
### (*Bivens* — Against All Individual Capacity Defendants — Eighth Amendment)

27. Plaintiff realleges the preceding paragraphs.

28. As alleged above, because Defendants Hendrix, Jacquez, Grasley, and John Does 1-10 failed to treat Plaintiff in a timely or adequate manner despite repeatedly acknowledging the medical necessity of treating her injury, they were deliberately indifferent to Plaintiff's serious medical need.

29. Defendants Hendrix, Jacquez, Grasley, and John Does 1-10 personally participated or otherwise condoned of or acquiesced to this deprivation of Plaintiff's rights.

30. Defendants Hendrix, Jacquez, Grasley, and John Does 1-10's deliberate indifference to Plaintiff's serious medical need constitutes cruel and unusual punishment.

31. The Eighth Amendment of the United States Constitutions protects incarcerated people from cruel and unusual punishment.

32. This unconstitutional conduct against Plaintiff was the direct and proximate cause of her bodily injury, pain, loss of liberty, medical bills where indicated, mental and emotional suffering, worry, fear, and anguish. Plaintiff is entitled to all of her economic and non-economic damages in an amount to be ascertained according to proof at trial.

### JURY TRIAL DEMAND

33. Plaintiff respectfully requests a jury trial for Claim 2.

WHEREFORE Plaintiffs pray for judgment against Defendant individually and jointly as follows:

1. For compensatory non-economic and economic damages;

2. For Plaintiffs' attorney's fees, costs and disbursements on Claim 2;

3. For such other and further relief as the Court may deem just and equitable.

SECOND AMENDED COMPLAINT
Page 5 of 6

DATED: September 15, 2023.

/s/ *Juan C. Chavez*
Juan C. Chavez, OSB No. 136428
Oregon Justice Resource Center
P.O. Box 5248
Portland, OR 97208

Attorney for Plaintiff Savannah
Kaahanui-Moniz

SECOND AMENDED COMPLAINT
Page 6 of 6