IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION


SAVANNAH KAANANUI-MONIZ,

        Plaintiff,

    v.

UNITED STATES OF AMERICA,
DEWAYNE HENDRIX, ISRAEL
JACQUEZ, ANDREW BARNES GRASLEY,
and JOHN DOES 1-10

        Defendants.

Case No. 3:22-cv-01490-CL

**FINDINGS AND
RECOMMENDATION**

---

CLARKE, Magistrate Judge.

    Plaintiff Savannah Kaahanui-Moniz brings this cause of action against the United States Government and individual officials, claiming that they failed to give her adequate medical treatment while she was incarcerated. The case comes before the Court on the defendants' Motion to Dismiss (#92). For the reasons below, the motion should be GRANTED in part and DENIED in part.

## BACKGROUND[1]

In 2017, Plaintiff was incarcerated at USP Lompoc in Lompoc, Santa Barbara County, CA. She was employed by the facility as an orderly. On or about August 28, 2017, while cleaning the shower with a scrubber, the handle got jammed into her right breast implant. She felt instant pain. She went to sick call medical and explained what had occurred. She explained how much pain she was in. She was later seen by a psychiatric clinician. Plaintiff was diagnosed with Gender Dysphoria and was told that gender affirming surgery would support her mental health. On November 13, 2018, Plaintiff was seen by a general surgeon who referred her to get an MRI scan of both of her breasts. When taken to receive the MRI, she explained the persistent pain she had felt in her breast. The pain had kept her up at night and caused her right arm to go numb. The pain would get so bad at times that she felt nauseous. This constant pain in her right breast persisted for three years, to 2021, without redress. SAC ¶¶ 9-14.

Finally, in 2021, Plaintiff was sent to see a plastic surgeon in Santa Barbara, CA, who stated that in her right implant had deflated with capsule contracture. The surgeon's plan was to perform a bilateral removal and replace the saline/silicone implants. This surgery was approved by BOP's Western Region Office. SAC ¶ 15.

Because of Plaintiff's release date, she was eligible for a Residential Drug Abuse Program ("RDAP"), making her eligible for early release, provided that she was able to enter into the program. Unfortunately, USP Lompoc did not provide RDAP. She was transferred to FCI Sheridan in the State of Oregon. Her surgery was cancelled. SAC ¶ 16.

Plaintiff informed the medical staff at FCI Sheridan about her long-standing and unaddressed medical issues. The medical staff at FCI Sheridan health services, including

---

[1] Facts are presented as alleged in the Second Amended Complaint ("SAC") (#73); they are accepted as true at the pleading stage, as required by Rule 12.

Page 2 – FINDINGS AND RECOMMENDATION

Defendant Grasley, were aware of Plaintiff's medical issues, and her previously approved surgery. SAC ¶ 17.

The Court ordered an emergency hearing to be held on April 25, 2023. SAC ¶ 19. Plaintiff was finally provided her surgery in or around May 2023. SAC ¶ 20. Plaintiff claims the delay caused by Defendants forced Plaintiff to endure five years of pain and agony. SAC ¶ 21.

## LEGAL STANDARD

A motion to dismiss under Fed. R. Civ. P. 12(b)(1) challenges the jurisdiction of the court over the subject matter of the complaint. When jurisdiction is challenged under Federal Rule of Civil Procedure 12(b)(1), the plaintiff has the burden of establishing jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A 12(b)(1) motion may be either "facial" or "factual." *Id.* A facial attack on subject matter jurisdiction is based on the assertion that the allegations contained in the complaint are insufficient to invoke federal jurisdiction. *Id.* "A jurisdictional challenge is factual where 'the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.'" *Pride v. Correa*, 719 F,3d 1130, 1133, n.6 (9th Cir. 2013) (quoting *Safe Air for Everyone*, 373 F.3d at 1039). "[N]o presumptive truthfulness attaches to plaintiff's allegations" and the court may "hear evidence regarding jurisdiction and resolv[e] factual disputes where necessary." *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009) (citation omitted); *Safe Air for Everyone*, 373 F.3d at 1039 ("In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment.").

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint may be dismissed when there is "either a lack of a cognizable theory or the absence of sufficient facts alleged under a cognizable legal claim." *Ctr. for Cmty. Action & Envtl. Justice v. BNSF R. Co.*, 764 F.3d 1019, 1023 (9th Cir. 2014) (quoting *Hinds Investments, L.P. v. Angioli*, 654 F.3d 846, 850 (9th Cir. 2011)).

## DISCUSSION

Plaintiff brings a claim of medical negligence under the Federal Tort Claims Act, ("FTCA"), 28 U.S.C. § 2674, *et seq.*, *see also* § 1346(b), against the United States Government and a *Bivens* claim for cruel and unusual punishment under the Eighth Amendment against the individual officials, Defendants Hendrix, Jacquez, and Grasley. Defendants move to dismiss both claims. For the reasons below, Defendants' motion should be granted in part and denied in part. Plaintiff's FTCA claim should be dismissed, and her *Bivens* claim should proceed for now.

**I.      Defendants' motion to dismiss Plaintiff's FTCA claim should be GRANTED.**

Defendants move to dismiss Plaintiff's FTCA claims on the ground that this Court lacks subject-matter jurisdiction because the FTCA is preempted by the Prison Industries Fund, 18 U.S.C. § 4126, under the circumstances alleged in Plaintiff's Second Amended Complaint.

"The Prison Industries Fund may be used to compensate 'inmates ... for injuries suffered in any industry or in any work activity in connection with the maintenance or operation of the institution in which the inmates are confined.'" *Vander v. U.S. Dep't of Justice*, 268 F.3d 661, 663 (9th Cir. 2001) (quoting 18 U.S.C. § 4126(c)). For prison work-related injuries, the Prison Industries Fund "is the sole source of compensation for the injury; its remedy is exclusive." *Id.* (citing *United States v. Demko*, 385 U.S. 149, 152–53 (1966)).

In addition, the Ninth Circuit held in *Vander* that section 4126 is the sole remedy for the "negligence of prison officials in supplying medical care for the [plaintiff's] injury ... [because] the regulations under § 4126(c) provide ... '[c]ompensation may ... be paid for work-related injuries or claims alleging improper medical treatment of a work-related injury.'" *Id.* (quoting 28 C.F.R. § 301.301(b)). Thus, the Ninth Circuit concluded that the plaintiff could not bring "an action against the United States under the FTCA for an injury or for negligence ... regarding the treatment of that injury. The FTCA action is barred by 18 U.S.C. § 4126(c) and the regulations thereunder." *Id.* at 664. *See also Ramiscal v. Bur. of Prisons*, No. CV 14–8489–ODW (RNB), 2015 WL 4207923, at *7 (C.D. Cal. June 1, 2015); *Jones v. United States*, No. 3:16-CV-02330-BR, 2018 WL 358493, at *5 (D. Or. Jan. 10, 2018) (same); 28 C.F.R. § 319 ("Inmates who are subject to the provisions of these Inmate Accident Compensation regulations are barred from recovery under the Federal Tort Claims Act.").

In this case, Plaintiff alleges that the Defendants failed to give her the medical treatment and surgery that she needed after she injured herself while working as an orderly at the prison. Her FTCA claim alleges medical negligence for failure to treat a work-related injury. Therefore, this claim is barred and preempted by 18 U.S.C. § 4126.

    **II.**    **Plaintiff has adequately stated a claim as to her Eighth Amendment *Bivens* claim; Defendants' Rule 12(b)(6) motion should be DENIED.**

In *Bivens*, the Supreme Court held that the victim of an unconstitutional search and seizure could seek damages against individual federal agents directly under the Fourth Amendment, despite the absence of a statute that specifically authorized a cause of action. *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 388, 394-97 (1971). In so doing, the Supreme Court "recognized for the first time an implied right of action for damages against

federal officers alleged to have violated a citizen's constitutional rights." *Hernandez v. Mesa*, 137 S. Ct. 2003, 2006 (2017) (per curiam) (citation omitted).

Since *Bivens*, the Supreme Court has expanded this judicially-created cause of action in only two other contexts: under the Eighth Amendment's Cruel and Unusual Punishment Clause for failure to provide adequate medical treatment to a federal prisoner and under the Fifth Amendment's Due Process Clause for gender discrimination in employment. *Carlson v. Green*, 446 U.S. 14 (1980); *Davis v. Passman*, 442 U.S. 228 (1979). The Court "has 'consistently refused to extend *Bivens* to any new context or new category of defendants'" and recently emphasized that "expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017) (citations omitted); *see also Vega v. United States*, 881 F.3d 1146, 1152 (9th Cir. 2018) (discussing *Ziglar*).

When a plaintiff asserts a *Bivens* claim, district courts must apply a two-part test. *Vega*, 881 F.3d at 1153. The court first considers whether the claim is "different in a meaningful way" and arises in a new context from previously recognized *Bivens* claims. *Ziglar*, 137 S. Ct. at 1859-60. A claim might be meaningfully different due to the level of government officials involved, the constitutional right at issue, the "extent of judicial guidance" regarding the alleged misconduct, the "risk of disruption intrusion by the Judiciary," and the presence of other factors that "previous *Bivens* cases did not consider." *Id.* at 1859-60. If the claim arises in a new context, the court must then consider whether "special factors counselling hesitation" weigh against expanding *Bivens* "in the absence of affirmative action by Congress." *Id.* at 1857 (citation omitted). These factors include whether the claim implicates questions of policy or requires an intrusion into the deliberative policymaking process and whether other alternatives are available to vindicate the alleged right. *Id.* at 1861-63.

In *Carlson*, a deceased inmate's mother brought suit and alleged that federal prison officials had violated the inmate's Eighth Amendment rights by providing inadequate medical care after the inmate suffered a severe asthma attack, leading to his death. Specifically, the plaintiff alleged that, despite knowing about the prisoner's serious chronic asthma, defendants housed him in a facility with inadequate medical facilities, failed to treat him for hours after an asthma attack, and delayed his transfer to a hospital. *Id.* at 16 n.1.

More recently, a court in the District of Oregon determined that a plaintiff's claim for lack of medical treatment in a federal prison arose in a context that was not meaningfully different from *Carlson*. *Lewis v. Ives*, No. 3:18-CV-00184-MK, 2020 WL 2761024, at *4 (D. Or. Feb. 12, 2020), report and recommendation adopted, No. 3:18-CV-00184-MK, 2020 WL 2747397 (D. Or. May 27, 2020). In *Lewis*, the plaintiff alleged that BOP officials, knowing of her severe gender dysphoria and the significant harm she suffered as a result, denied and then continued to deny her medically necessary care, including gender confirmation surgery (GCS). *Id.* The court determined that, "[a]lthough the nature of plaintiff's medical need is different [than *Carlson*], the context in which her claim arises is the same. *Id.*

The court in *Lewis* also determined that the mere fact that plaintiff does not allege an "emergent" medical need does not materially alter the context of her claim: "as in *Carlson*, plaintiff alleges that she has suffered severe harm resulting from prison officials' failure to provide necessary and adequate medical care, including GCS." *Id.* at *5 (citing *Ziglar*, 137 S. Ct. at 1864 (distinguishing a *Bivens* Eighth Amendment claim premised on medical care from a *Bivens* Fifth Amendment claim based on prisoner abuse, noting that the Supreme Court "has long made clear the standard for claims alleging failure to provide medical treatment to a

prisoner"). The *Lewis* decision is not mandatory authority, but this Court finds the reasoning persuasive.

In this case, as in *Lewis* and *Carlson*, Plaintiff alleges severe ongoing pain, requiring surgery, which Plaintiff was functionally denied for several years. This adequately states a *Bivens* claim to remedy the alleged violation of her Eighth Amendment right to adequate medical care. Because the context here is not meaningfully different from *Carlson*, the Court is not required to consider any special factors counselling hesitation.

Defendants argue that Plaintiff's claim is meaningfully different from the circumstances of *Carlson* because she raises a "policy-based challenge" to the prison's medical management of inmates seeking care outside of the facility. Defendants submit exhibits to show that the prison staff did attempt to meet Plaintiff's medical needs by scheduling her surgery, but they were met with a number of unanticipated and externally imposed challenges in completing that task. This kind of an evaluation of the Defendants' substantive reasons for the delay in providing care is inappropriate at the pleading stage. Plaintiff has stated a claim, and she is entitled to conduct discovery to attempt to raise a question of fact regarding whether Defendants were deliberately indifferent in failing to provide adequate medical treatment to a federal prisoner. Defendants' motion as to this claim should be denied.

### III. Defendants' motion to dismiss Plaintiff's *Bivens* claim based on the statute of limitations should be DENIED.

Defendants argue that Plaintiff's *Bivens* claim is barred by the applicable two-year statute of limitations. *Van Strum v. Lawn*, 940 F.2d 406, 410 (9th Cir. 1991) (holding that a two-year statute of limitations applies to *Bivens* claims brought in Oregon).

A federal claim accrues, and the limitations period begins to run, when a plaintiff "knows or has reason to know of the injury" that forms the basis of the action. *W. Ctr. for Journalism v.*

*Cederquist*, 235 F.3d 1153, 1156 (9th Cir. 2000). In this case, Plaintiff's alleged injury is the delay of her surgery, which took so long that she was functionally denied the surgery for several years. This fact pattern makes it difficult to pin down an exact accrual date because Defendants represented to Plaintiff that she would soon receive the care she needed, on an on-going basis. Unlike the defendants in *Lewis*, Defendants here did not make any final, unfavorable decision that Plaintiff could appeal or challenge administratively.

Taking the facts as alleged in the Second Amended Complaint as true, Plaintiff was seen by a general surgeon who referred her to get an MRI scan of both of her breasts on November 13, 2018. There is no indication, however, that she knew that she needed surgery until 2021, when Plaintiff was sent to see a plastic surgeon, who stated that her right implant had deflated with capsule contracture. The surgeon's plan was to perform a bilateral removal and replace the saline/silicone implants. Surgery was approved by BOP's Western Region Office. The exact dates of the surgeon's opinion and the surgery approval by the BOP are not clear from the pleadings, but if the Court assumes a date of January 1, 2021, then this case, which was filed on October 3, 2022, was filed well within the two-year statute of limitations. Because the timing of events in this case is unclear and the record is undeveloped at the pleading stage, the Court recommends that the motion to dismiss Plaintiff's *Bivens* claim based on the statute of limitations be denied. Defendants should be allowed to re-raise this issue at the summary judgment stage, if appropriate, after discovery has been conducted.

## RECOMMENDATION

For the foregoing reasons, Defendants' Motion to Dismiss (#39) should be GRANTED in part and DENIED in part.

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due no later than fourteen (14) days after the date this recommendation is filed. If objections are filed, any response is due within fourteen (14) days after the date the objections are filed. *See* Fed. R. Civ. P. 72, 6. Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED this \_\_\_3\_\_\_ day of September, 2024.

MARK D. CLARKE
United States Magistrate Judge