IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

SAVANNAH KAANANUI-MONIZ,                    Case No. 3:22-cv-01490-CL

           Plaintiff,

     v.
                                            **OPINION AND ORDER**

UNITED STATES OF AMERICA,
DEWAYNE HENDRIX, ISRAEL
JACQUEZ, ANDREW BARNES GRASLEY,
and JOHN DOES 1-10

           Defendants.

---

CLARKE, Magistrate Judge.

       Plaintiff Savannah Kaahanui-Moniz brings this cause of action against the United States

Government and individual officials, claiming that they failed to give her adequate medical

treatment while she was incarcerated. The case comes before the Court on Plaintiff's Motion for

Prejudgment Attachment (ECF #130). For the reasons below, the motion is DENIED.

                                    **DISCUSSION**

       Plaintiff brings this case arising out of an injury she suffered, and medical treatment she

was given, while incarcerated in 2017 and subsequent years.[1] The Court has previously

---

[1] Detailed background facts are well known to the parties and may be found in previous opinions and
Findings and Recommendations of this Court. They are not material to the motion here.

dismissed some of Plaintiff's claims, and she has one claim remaining: a *Bivens* claim for cruel and unusual punishment under the Eighth Amendment against the individual officials, Defendants Hendrix, Jacquez, and Grasley. Discovery is ongoing, and dispositive motions are due in April, 2026.

Plaintiff has now filed a Motion for Prejudgment Attachment pursuant to Federal Rule of Civil Procedure 64.[2] Plaintiff requests a general prejudgment attachment of $5,000,000.00, which Plaintiff claims is "readily ascertainable from a basic review of documents and proceedings known to this Honorable Court." Plaintiff also asserts the following facts:

> Plaintiff has attempted to resolve this matter through settlement negotiations. Defendant has refused to participate in good faith, and proposed unnecessary delays suggest the Defendants may be attempting to move or hide assets. Without attachment, Plaintiff faces a real risk that any favorable judgment will be uncollectible.

As a preliminary matter, the Court agrees that Plaintiff has failed to follow Local Rule 7-1(a), which requires the parties to confer about any motion except a motion for a temporary restraining order. Conferral must be certified, and that certification must appear at the top of every motion. This requirement applies to parties who are self-represented, and the Court may deny Plaintiff's motion on that basis alone. *See* LR 7-1(a)(3).

Plaintiff's motion is also denied on the merits. "Rule[] 64 gives district courts the general equitable power to order the seizure of assets at the commencement of and during the course of an action for the purpose of securing 'satisfaction of the potential judgment.'" *BMO Harris Bank N.A. v. M Bros. Transportation LLC*, No. 3:23-CV-01221-SB, 2024 WL 1928750, at *2 (D.Or.

---

[2] Plaintiff also cites to ORS 105.105, but the Court can find no logical connection between that statute and a claim for prejudgment attachment. ORS 105.105 states in its entirety: "No person shall enter upon any land, tenement or other real property unless the right of entry is given by law. When the right of entry is given by law the entry shall be made in a peaceable manner and without force." Plaintiff does not explain the relevance of this citation.

May 2, 2024) (citations omitted).  However, prejudgment attachment is "extraordinary relief,"

and Plaintiff carries the burden of proof when seeing prejudgment attachment. *Data Processing*

*Scis. Corp. v. Lumenate Techs., LP*, 2016 WL 3144117, at *2.

Under Oregon law, a Plaintiff may seek prejudgment attachment in certain cases,

including in an action on an unsecured contract, a breach of contract action against an out of state

defendant, and an action for injury to property against an out of state defendant.  *See* ORCP

84(A)(2)(a)-(c) (summarized).   Additionally, "[before] a writ of attachment may be issued or

any property attached by any means provided by [Rule 84], the plaintiff must obtain, and have

recorded in the County Clerk Lien Record, an order under Rule 83 that provisional process may

issue." ORCP 84A(1); Miljus, 2008 WL 3539941, at *3 (explaining the moving party must

comply with both ORCP 84 and 83 to properly seek attachment). Rule 83 lists a host of

requirements before provisional process may issue, including filing a "sworn petition and any

necessary supplementary affidavits or declarations requesting specific provisional process and

showing, to the best knowledge, information, and belief of the plaintiff . . . that the action is one

in which provisional process may issue." ORCP 83(A).

Here, Plaintiff's case is not an action for which prejudgment attachment is available. Her

sole remaining claim is a *Bivens* action—a lawsuit for personal injury damages against a

government employee in his official capacity.  This does not qualify as a contract or injury to

property case contemplated by ORCP 84.  Plaintiff has also not shown compliance with the

requirements in ORCP 83, which are prerequisites to seeking the prejudgment attachment relief

in ORCP 84.

Finally, the Defendants are under no obligation to settle this case, and their refusal to do so is not an indication of "bad faith," nor does it suggest that Defendants may be moving or hiding assets. Plaintiff's claims in this regard are not well-taken.

Plaintiff is advised to consult the federal rules, local rules, and the CM-ECF User Manual, as well as the guidance given on the Court's website, https://ord.uscourts.gov/index.php/representing-yourself.

## ORDER

For the foregoing reasons, Plaintiff's Motion (ECF #130) is DENIED.

It is so ORDERED and DATED this ____2____ day of July, 2025.

MARK D. CLARKE
United States Magistrate Judge